**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CHARLOTTE SPARKMAN and**
**CLARENCE M. SPARKMAN,**

        **Plaintiffs,**

**-vs-**                                                **Case No. 3:11-cv-123-J-37TEM**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

        **Defendant.**
_____

**ORDER**

This cause comes before the Court on Plaintiff CHARLOTTE SPARKMAN's Motion to Remand (Doc. No. 8), filed on April 29, 2011, and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's Response (Doc. No. 10), filed on May 13, 2011. After its careful review of the record, the Court DENIES Plaintiff's Motion for the reasons explained below.

**BACKGROUND**

On January 4, 2011, Plaintiff and her husband, CLARENCE M. SPARKMAN, filed an action in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, against Defendant seeking underinsured motorist insurance benefits as a result of injuries she sustained in an automobile accident on March 5, 2009. (Doc. No. 8, Ex. A.) In the underlying complaint, Plaintiff did not plead a specific amount of damages; the complaint only generally states that her damages are greater than $15,000. (*Id.* at 1.)

On February 10, 2011, Defendant filed its Notice of Removal on the basis of diversity jurisdiction, alleging that removal is proper pursuant to Title 28, United States Code, Sections 1332, 1441, and 1446.  (*See generally* Doc. No. 1.)  Plaintiff filed the motion to remand the instant action back to the originating state court, because Defendant "has not clearly and unambiguously established by a preponderance of the evidence that the amount in controversy exceeds $75,000," and because Defendant "has not met its burden of proof in showing that the parties to this action are of diverse citizenship."  (Doc. No. 8 at 2.)  To this motion the Court now turns.

## ANALYSIS

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000).  A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Because this case was originally filed in state court and removed to federal court by Defendant, Defendant bears the burden of proving that federal jurisdiction exists.  *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").  Where, as here, the Plaintiff has not pled a specific amount of damages, the removing Defendant must prove by a preponderance of the evidence that the amount in controversy "can more likely than not be satisfied."  *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (stating the removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove).

The Eleventh Circuit has set forth a procedure for trial courts to follow in determining whether the jurisdictional amount is satisfied at the time of removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams*, 269 F.3d at 1319. Additionally, the court may consider evidence submitted after the notice of removal is filed. *Id*. However, the Eleventh Circuit has emphasized that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

Moreover, under 28 U.S.C. § 1446(b), to determine whether removal to federal court is an appropriate measure, "the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). "In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." *Id*. at 1215. If the removal petition is brought under the first paragraph of § 1446(b), as it is here, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard," and "[d]efendants may introduce their own affidavits, declarations . . ." or ". . . other summary judgment type evidence that may reveal that the amount in controversy is satisfied."

3

*Pretka*, 608 F.3d at 754-55 (internal citations omitted); *see also Williams*, 269 F.3d at 1319; *Sierminski*, 216 F.3d at 949 (stating courts "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal' "). In addition, the Eleventh Circuit made clear that if the jurisdictional amount is not clear or readily deducible from the face of the removing documents, then "the court must remand." *Lowery*, 483 F.3d at 1211.

In its response to motion to remand (Doc. No. 10), Defendant argues that the allegations and evidence provided in its Notice of Removal sufficiently prove that this Court has subject matter jurisdiction to hear the instant case. (*Id.* at 5.) Regardless, however, Defendant submitted additional evidence to establish the existence of diversity of citizenship[1] and the amount in controversy in excess of $75,000 (*see* Doc. No. 10, Ex. 2). In an affidavit, Defendant's team manager in claims, Sean Coddington, attested that Defendant is a corporation incorporated under the laws of the State of Illinois and that the principal place of business is located in Bloomington, Illinois. (Coddington Aff. ¶ 3.) In the answers to interrogatories, submitted following Defendant's removal of the instant action to this Court, Plaintiffs submitted a chart of the medical expenses incurred, indicating a total of $106,421.40. (Doc. No. 10, Ex. 2 ¶ 12.) Even if the evidence attached to the Notice of Removal failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, Defendant argues such burden is now clearly met. As noted by Defendant, in addition to medical expenses, Plaintiff seeks damages for pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, and loss of ability to earn money. (Doc. No. 2 ¶ 9.) The amount in controversy is met, Defendant argues, because the medical expenses alone exceed $75,000. (Doc. No. 10 at 6.)

---

[1] Plaintiffs' Florida citizenship is undisputed.

The Court agrees with Defendant that the motion to remand is due to be denied. Even if the Court were to find that the initial allegations and evidence submitted with the Notice of Removal were insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds the threshold amount, Defendant effectively cured any defects by filing additional evidence with its response to motion to remand. As the Eleventh Circuit previously concluded, the Court may consider additional evidence filed subsequent to the notice of removal, if the facts therein are relevant to the amount in controversy at the time of removal. *Sierminski*, 216 F.3d at 949. The Court is satisfied that the record allows for more than a reasonable deduction that at the time of removal the amount in controversy, exclusive of interest and costs, more likely than not exceeded $75,000, and that the parties are of diverse citizenship; therefore, Plaintiff's motion to remand (Doc. No. 8), filed on April 29, 2011, is DENIED.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on August 1st , 2011.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party